**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DANIEL B. JOHNSON,

    Petitioner,

v.

DEAN MOONEY, Director of the Minnesota
Sex Offender Program,

    Respondent.

Civil File No. 05-1030 (PAM/JSM)

**REPORT AND RECOMMENDATION**

JANIE S. MAYERON, United States Magistrate Judge

    This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court finds that Petitioner's habeas corpus application is barred by the statute of limitations. It will therefore be recommended that the petition be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I.    BACKGROUND**

    In 1985, Petitioner pleaded guilty to fourth-degree criminal sexual conduct for raping and threatening to kill his former girlfriend. While awaiting sentencing, he pleaded guilty to third-degree criminal sexual conduct for raping and threatening to kill another acquaintance.

---

    [1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After serving time for these offenses, he was released to a half-way house in 1988. Later that same year, a jury convicted Petitioner of attempted first-degree and second-degree criminal sexual conduct after he attempted to rape a 14-year-old babysitter. In March 1994, while on parole for the 1988 offense, Petitioner pleaded guilty to third-degree criminal sexual conduct and false imprisonment for sexually assaulting and threatening to kill another former girlfriend.

In 1997, while on parole for the 1994 offense, Petitioner had contact with a 15-year-old girl in violation of the terms of his parole, and he was returned to prison. Following this incident, Carver County filed a petition to civilly commit Petitioner as a Sexually Dangerous Person ("SDP") and a Sexually Psychopathic Personality ("SPP") pursuant to Minn. Stat. §§ 253B.02, subd. 18(b) and (c) and 253B.185. The Carver County District Court Judge denied Petitioner's demand for a jury trial and Petitioner was "initially committed" on May 4, 1998, and later "indeterminately committed" on July 21, 1998. On appeal, the Minnesota Court of Appeals affirmed the decision of the district court, In re Johnson, No. C5-98-1695, 1999 WL 109608 (Minn. Ct. App. March 2, 1999), and on May 18, 1999, the Minnesota Supreme Court denied review. Petitioner did not petition the United States Supreme Court for a writ of certiorari on that appeal. He is currently civilly committed to the Minnesota Sex Offender Program ("MSOP") facility in Moose Lake, Minnesota.

In August of 2003, Petitioner filed a state habeas corpus petition in the Carlton County District Court asserting that his civil commitment was invalid because he was entitled to, but denied a jury trial. The district court denied Petitioner's state habeas petition in December of 2003, the Minnesota Court of Appeals affirmed in April of 2004, the Minnesota Supreme Court

denied review without comment in June of 2004, and the United States Supreme Court declined to grant a writ of certiorari on December 6, 2004.

On May 27, 2005, Petitioner filed the instant habeas corpus petition in which he again challenged the validity of his civil commitment.

Petitioner challenged his civil commitment on three grounds:

(1) that he was denied jury trial rights in violation of article 1, § 4 of the Minnesota Constitution, which incorporated jury trial rights that existed in the Minnesota Territory prior to the adoption of the state constitution;

(2) that the denial of a jury trial violated his federal equal protection rights because, of all the civil litigants provided a right to a jury trial in Minnesota at the time the state constitution was adopted, only civil commitment individuals are now denied that right; and

(3) that he was denied federal due process rights by the Minnesota Supreme Court's flawed analysis in interpreting the state constitution to not provide a right to a jury trial in civil commitment proceedings.

This Court concludes that none of Petitioner's current habeas arguments can be entertained on the merits because the instant petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

## II.   DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA effected significant changes in the federal habeas corpus statutes, one of which, 28 U.S.C. § 2244(d), establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of

a conviction or sentence.  This new statute provides that:

> **(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review  or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In order to avoid AEDPA's one-year statute of limitations, Petitioner made two arguments.  Initially he contended that because he has not previously raised in his state habeas petition the arguments that his instant federal habeas petition relies upon, he is not governed by the statute of limitations that the AEDPA established in § 2244(d).  (See Petitioner's Mem. in Response at 2.)  However, the issue of whether or not Petitioner has previously raised the arguments is irrelevant to the statute of limitations provision of       § 2244(d).  Indeed, this issue might be relevant to other rules governing federal habeas petitions, namely, whether Petitioner's claims satisfy 28 U.S.C. § 2254, which imposes additional restrictions on when the federal courts may entertain an application for a writ of

habeas corpus by a person challenging confinement pursuant to the judgment of a state court. But this Court need not make that inquiry unless it is clear that Petitioner's claims are not initially barred by the one-year statute of limitations.[2]

Second, Petitioner argued that the AEDPA does not apply to his case because he is not challenging a conviction; he is challenging a civil commitment which does not carry the same finality as a criminal conviction. (See Petitioner's Mem. in Response at 3-5.) The fact that Petitioner's habeas petition is challenging a civil commitment, as opposed to confinement pursuant to a criminal conviction, does not change the application of § 2244(d). The United State Supreme Court has recognized that "[n]othing in the language of [§ 2244(d)] requires that the state court judgment pursuant to which a person is in custody be a criminal conviction." Duncan v. Walker, 533 U.S. 167, 176 (2001). Rather, "there are other types of state court judgments pursuant to which a person may be held in custody within the meaning of the federal habeas statute," including "[f]or example, . . . a state court order of civil commitment . . . ." Id. In fact, it is this very rule of law that allows Petitioner to challenge his civil commitment through the federal habeas statute, and there is nothing to suggest that the provisions of the

---

[2] Petitioner also argued that he had not raised a second or successive federal habeas petition, based apparently on the belief that Respondent had stated in his Answer that Petitioner had filed a petition for federal habeas corpus relief in January 2002. (See Petitioner's Mem. in Response at 2.) The Court notes that no answer was filed on behalf of Respondent, and no such argument was presented by Respondent in his Memorandum. In any event, there is nothing in the record to suggest that Petitioner filed any previous federal habeas petitions.

federal habeas statute apply differently to habeas petitions challenging civil commitments than they do to habeas petitions challenging confinements pursuant to a criminal conviction. Moreover, this approach is consistent with the AEDPA's goal of promoting finality. See Id. at 178.

Having found that the statute of limitations set forth in 28 U.S.C. § 2244(d) does apply, this Court must now determine the point at which the statute of limitations began to run. In this case, there is nothing on the face of the Petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any indication that Petitioner's claims are based on any newly-recognized constitutional right or any new factual predicate that could not have been discovered earlier. Thus, pursuant to § 2244(d)(1)(A), the one-year statute of limitations began to run in this case when the state court judgment pursuant to which Petitioner is being confined "became final by the conclusion of direct review or the expiration of the time for seeking such review."

For purposes of § 2244(d)(1)(A), the state court judgment pursuant to which Petitioner is being held in confinement – the 1998 judgment of civil commitment – became final "at 'the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filling a petition [for a writ of certiorari].'" Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (8th Cir. 2003) (alteration in the original) (quoting Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002)). Certiorari petitions must be filed within 90 days after an entry of judgment in the state court of last resort. Sup. Ct. R. 13.1. Thus, Petitioner's

judgment of civil commitment became final, and the one-year statute of limitations began to run, on August 16, 1999 – when, 90 days after the Minnesota Supreme Court declined to review Petitioner's challenge to civil commitment on direct appeal, Petitioner failed to petition the United States Supreme Court for a writ of certiorari. The statute of limitations imposed by § 2244(d)(1)(A) expired one year later, on August 15, 2000. Petitioner did not file his federal habeas corpus petition until May 27, 2005, which was more than four-and-a-half years after the statute of limitations had expired. It is therefore apparent that the instant petition is time-barred, unless it is saved by the tolling provisions of § 2244(d)(2).

The habeas corpus one-year statute of limitations is tolled pursuant to § 2244(d)(2) when a person properly commences a post-conviction or other collateral review action in state court.[3] The statute remains tolled during the entire period of time that such proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999); see also Williams, 299 F.3d at 983-84. The time in between the conclusion of all direct appeals and the date on which the application for state post-conviction or other collateral review is filed is a different matter. That time does count

---

[3] State habeas corpus petitions constitute a form of "other collateral review" that may toll the statute of limitations. See, e.g., Terry v. Dretke, No. 04-20691, 2006 WL 372471, at *1 (5th Cir. Feb. 16, 2006) (recognizing that, had the petitioner's state habeas petition been timely filed, it would have tolled the statute of limitations); Colbert v. Head, 146 F.App'x 340, 342 (11th Cir. 2005) (stating that the remaining 130 days on the statute of limitations were tolled while petitioner's state habeas proceeding was still pending in state court); Smith v. Galaza, 121 F.App'x 187, 189 (9th Cir. 2005) (finding that the remaining 145 days on the statute of limitations were tolled until "the day the California Supreme Court's decision denying the [state habeas] petition became final"); Rowe v. LeMaster, 225 F.3d 1173, 1177 (10th Cir. 2000) (commenting that the statute of limitations "was tolled for a short time during the pendency of petitioner's first state habeas proceeding").

towards the one-year statute of limitations imposed by § 2244(d)(1)(A). Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).[4]

In this case, Petitioner did challenge his civil commitment in a collateral review action – i.e., his 2003 state habeas corpus petition. (See Appendix to Respondent's Mem. at 49.) However, this state habeas petition was not filed until August of 2003, approximately four years after Petitioner's judgment of civil commitment became final. Therefore, because the time between the conclusion of Petitioner's direct review and the initiation of his state habeas petition did count towards the one-year statute of limitations, the tolling provisions of § 2244(d)(2) could not help him, and the instant Petition is time-barred.

---

[4] To the extent that Petitioner believed that his state habeas petition "reset the clock" and gave him a fresh new one-year limitation period that did not begin to run until all of the appeals of his state habeas petition were over, that is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.2d 46, 48 n.4 (1st Cir. 2005) (citations omitted). As explained in Sorce v. Artuz, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999):

> The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation ommitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, 1999 WL 566362, at *4 (S.D.N.Y. Aug. 3, 1999) ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one year [statute] of limitations by bring a belated state collateral attack"), aff'd 209 F.3d 107 (2d Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM), 1999 WL 246753, at *1 (S.D.N.Y. Apr. 26, 1999) ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

**III.     CONCLUSION**

For the reasons discussed above, the Court concludes that Petitioner's habeas corpus petition is time-barred under 28 U.S.C. § 2244(d)(1)(A). It will therefore be recommended that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. Moreover, because Petitioner is statutorily ineligible for federal habeas corpus relief, it will be further recommended that the action be dismissed with prejudice.

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) That request must be denied, because Petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.     Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily DENIED;

2.     Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3.     This action be dismissed with prejudice.

Dated:     April 17, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 4, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.