UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel B. Johnson,         Civil No. 05-1030 (PAM/JSM)

            Petitioner,

v.

       **ORDER**

Dean Mooney, Director of the
Minnesota Sex Offender Program,

            Respondent.

---

This matter is before the Court on Petitioner Daniel B. Johnson's Motion for a Certificate of Appealability ("COA"). For the reasons that follow, the Motion is granted.

An individual challenging the legality of his confinement pursuant to a state court order is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

The Supreme Court has explained:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner seeks to appeal this Court's dismissal of his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. He believes that there were grievous errors in his state-court civil commitment proceedings, including equal protection and due process violations due to the denial of a jury trial. This Court did not substantively address the allegations in the petition, finding that the one-year statute of limitations set forth in § 2244(d) barred the action. Petitioner now challenges the applicability of § 2244(d) and submits that his case should proceed. Although the Court remains convinced that its resolution of Petitioner's claim is correct, whether the civil commitment proceeding violated Petitioner's constitutional rights and whether § 2244(d) bars this action is debatable among reasonable jurists.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion for Certificate of Appealability (Docket No. 16) is **GRANTED**.

Dated: June 29, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge